# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WAYNE McCAA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 7:12-cv-02688-VEH-HGD |
| | ) | |
| ETTA EDWARDS, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

This cause is before the court on the plaintiff's motion for default judgment (Doc. 47), filed contemporaneously with his declaration for entry of default. While the undersigned has directed the clerk to enter a default against Defendant Etta Edwards pursuant to Fed.R.Civ.P. 55(a), for the reasons below, the undersigned recommends that the plaintiff's motion for entry of default judgment, be denied, without prejudice.[1]

In the instant case, the gravamen of the plaintiff's complaint against the defendant was that as the former Circuit Court Clerk of Greene County, Alabama, she

---

[1] A final entry of default judgment, and possible damages, may only be entered by the United States District Judge. The entry of a Clerk's Default for a defendant's failure to plead does not automatically entitle a plaintiff to the amount of monetary damages requested in the Complaint.

violated his First, Fifth and Fourteenth Amendment rights when she failed to file his various pleadings, thus "not doing her judicial administrative duties through neglect, carelessness, or unskillfulness." (Doc. 15 at 4). In his motion for entry of default judgment, the plaintiff makes the conclusory demand for damages in the amount of $300,000, costs and fees, without any explanation of why he is entitled to this amount. (Doc. 47 at 2). Additionally, the plaintiff has failed to serve the defendant by mailing a copy of his motion to the address used to effectuate service against the defendant.

Because the plaintiff has failed to show why he is entitled to the amount of damages he seeks or provide the court with any evidence regarding his damages, it is RECOMMENDED that the Motion for Default Judgment be DENIED WITHOUT PREJUDICE for the plaintiff to cure said deficiencies. The undersigned notes that if the plaintiff files a motion for entry of default judgment against the defendant with evidence indicating to the Court the extent of injuries and damages he suffered as a result of the subject incident, he must also serve the defendant with his motion for entry of default judgment by mailing the motion to the address the plaintiff used to effect proper service on the defendant.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any

contention raised in the complaint or petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting this specificity requirement will not be considered by a district judge. IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS. HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED. THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff and the defendant.

DONE this 26th day of February, 2015.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE